# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MADRID,<br><br>     Plaintiff,<br><br>     v.<br><br>P. PEASE, et al.,<br><br>     Defendants. | Case No.  1:15-cv-00770-LJO-BAM-PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Currently before the Court is Plaintiff's first amended complaint, filed June 24, 2015.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Salinas Valley State Prison, brings this action against Defendant correctional officials employed by the CDCR at Pleasant Valley State Prison (PVSP), where the events at issue occurred. Plaintiff names the following individual defendants: Correctional Sergeant Pease; Sgt. Mendez; Correctional Officer (C/O) Burnes; C/O Thatcher; C/O Aguerralde; C/O Black; C/O McCollum; C/O McCamey; C/O Sauceda; C/O Miller; C/O Daley.[1] Plaintiff's claims stem from a use of force incident at PVSP.

Plaintiff alleges that on February 7, 2010, he and his cellmate were in their cell, listening

---

[1] Plaintiff filed this action against Defendants in their individual and official capacities. However, '[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007)(citations omitted).

2

to music. A football game was on, and the housing area was very loud with inmates rooting for their team. Defendant Burnes was in the housing area watching the game. Defendant Burnes approached Plaintiff's cell door, kicked it, and told Plaintiff to turn his music down. Because it was loud outside the cell, Plaintiff and his cellmate continued to listen to the music at a high volume. Defendant Burnes summoned Defendant Thatcher. Defendant Burnes then instructed the control booth to open Plaintiff's cell door. Burnes then stepped in to the cell after taking an "aggressive stance." (Am. Cmp. ¶ 9.) Plaintiff alleges that because of the aggressive stance taken by Defendant Burnes, he tried to push him out of his cell. Burnes then grabbed Plaintiff, lifted him into the air, and body slammed him into the concrete floor. Defendant Burnes then straddled Plaintiff, and started punching Plaintiff in the face. Defendant Thatcher began kicking Plaintiff. Plaintiff alleges that at this point, he was not resisting, but trying to protect his face.

Two to three minutes later, Defendants McCollum, Aguerralde, and Sauceda entered the housing unit, and worked together to remove Plaintiff's cellmate, who was holding on to Defendant Burnes' leg. Approximately thirty seconds later, Defendants Mendez and Pease arrived. Defendant Pease helped Defendant Burnes to get off of Plaintiff. Defendant Aguerralde crossed Plaintiff's legs, and sat on them, rendering then immobile. Defendant Pease then placed handcuffs on Plaintiff.

Plaintiff alleges that after he was placed in handcuffs, Defendant Pease "pulls plaintiff's arms straight up from the handcuffs, as if curling weights, maliciously and sadistically to cause pain and injury." (Id. ¶ 17.) Plaintiff alleges that while Defendant Pease kept his knee on Plaintiff's back and continued to pull the handcuffs higher, Defendants Aguerralde, Sauceda, and Mendez "started kicking plaintiff in his (plaintiff's) head, exposed rib cage, groin/testicles, and stomping plaintiff's legs and feet." (Id. ¶ 18.) Plaintiff alleges that Defendants continued to kick him and beat him for approximately two minutes after he lost consciousness. Plaintiff was transported via an emergency life-flight to Fresno, where he remained in a comatose state for 18 days. Plaintiff suffered a concussion, broken ribs, fractured jaw, "bone/tissue damage" to his right femur, continuous back and shoulder pain headaches and gastrointestinal pain.

Plaintiff was transported to Coalinga State Hospital, where he remained until April 5,

2010. Plaintiff alleges that upon his release and transfer back to PVSP, he has been retaliated against by prison staff "due to the California prison systems' code of employee retribution." (Id. ¶ 26.)

## III.

## DISCUSSION

### A.  Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1 (1992)(citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)(per curiam)(citing Hudson, 503 U.S. at 7)(internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8. Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Wilkins, 559 U.S. at 37-8.

Liberally construed, the first amended complaint states a colorable claim for relief against Defendants Burnes, Thatcher, Pease, Augerralde, Sauceda, and Mendez for excessive force. Plaintiff has alleged facts indicating that these Defendants subjected Plaintiff to the use of physical force when Plaintiff was not resisting. Although Plaintiff alleges that he pushed Defendant Burnes when he tried to enter Plaintiff's cell, Plaintiff has alleged that Defendant Burnes straddled Plaintiff and punched him in the face after he had slammed him to the ground. Plaintiff therefore states a claim for relief against Defendant Burnes for excessive force after Plaintiff was on the ground.

As to Defendants Black, McCollum, McCamey, Miller, and Daley, Plaintiff has not alleged any facts indicating that they were personally involved in the use of force at issue. Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

4

federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012)(citing Graham v. Connor, 490 U.S. 386, 393-94 (1989))(internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011). In order to hold Defendants Black, McCollum, McCamey, Miller, and Daley liable, he must allege facts indicating that the engaged in conduct that deprived Plaintiff of a protected interest. Plaintiff has not done so with regard to these Defendants. Plaintiff's excessive force claim should be dismissed for failure to state a claim as to these Defendants.

### B. Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041. 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994)(quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence, because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk or serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566

F.3d at 1181; Hearns, 413 F.3d at 1040.

Plaintiff does not allege any facts indicating that the officers not involved in the use of force - Defendants Black, McCollum, McCamey, Miller, and Daley - were in a position to protect Plaintiff from the use of force. The only conduct charged to any of these officers is Defendant McCollum's conduct in removing Plaintiff's cellmate from the cell, with the assistance of Defendants Augerralde and Sauceda. In order to hold these Defendants liable, Plaintiff must allege some facts indicating that they were in a position to witness what happened, that they had the ability to prevent or stop the use of force, and that they failed to intervene to protect Plaintiff. Plaintiff has not done so here. This claim should therefore be dismissed for failure to state a claim.

**C.      False Charges**

Plaintiff alleges that Defendants Pease, Mendez, Burnes, Thatcher, Augerralde, Black, McCollum, McCamey, Sauceda, Miller, and Daley falsified official reports, "omitting the malicious and sadistic beating/assault of Plaintiff" pursuant to an unwritten "code of silence." To the extent Plaintiff seeks to state a due process claim based solely on the "falsified official reports," Plaintiff fails to state a claim under section 1983. A prisoner does not have a constitutional right to be free from falsified disciplinary reports. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (claims based on the falsity of charges, standing alone, do not state constitutional claims); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ('[A] prison inmate has no constitutionally guaranteed immunity from being falsely accused or conduct which may result in the deprivation of a protected liberty interest."), reh'g denied, 826 F.2d 194 (2d Cir. 1097), cert. denied, 485 U.S. 982 (1988); Buckley v. Gomez, 36 F.Supp.2d 1216, 1222 (S.D. Cal. 1997), aff'd without opinion on other grounds, 168 F.3d 498 (9th Cir. 1999) (citing Freeman and noting that "courts have held that a prisoner does not need to have a constitutional right to be free from wrongfully issued disciplinary reports"). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. Thus, to the extent Plaintiff seeks to assert a claim against Defendants based merely upon allegations that they falsified reports, Plaintiff's allegations do not state a claim for

6

a due process violation.[2]

**D. Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. DiVitorrio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 1114-15 (9ith Cir. 2012); Silva, 658 F.3d at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff's vague and conclusory allegation that he was retaliated against by prison staff based on a code of retribution when he was released from the hospital in April 2010 fails to state a claim for relief under section 1983. As noted above, to state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each Defendant's actions or omissions and a violation of his federal right. Lemire, 726 F.3d at 1062. Plaintiff must allege facts indicating that an individual Defendant or Defendants engaged in conduct that constitutes retaliation as that term is defined above. Plaintiff must identify the individual Defendant by name, and allege facts indicating that he was engaged in first amendment activity and that the Defendant engaged in conduct that constitutes adverse action in response to the exercise of Plaintiff's First Amendment rights. Plaintiff has failed to do so here. Plaintiff's retaliation claim should therefore be dismissed for failure to state a claim.

**E. Conspiracy**

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of

---

[2] Plaintiff is informed that some or all of his claim may be Heck barred. A section 1983 claim challenging the disciplinary proceedings is barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). In his amended complaint, Plaintiff shall state the charges and the result of the disciplinary action related to this incident.


an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 569 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin, 312 F.3d at 441 (quoting United Steel Workersof Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)).

Here, Plaintiff fails to allege any plausible factual support for his claim of conspiracy. A simple allegation that Defendants conspired to deprive Plaintiff of a protected interest fails to state a claim for relief. The Court therefore finds that Plaintiff has failed to state a claim for conspiracy. See Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982)(vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand dismissal).

### F. Statute of Limitations

The use of excessive force at issue in this lawsuit occurred on February 7, 2010. A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006), cert. denied, 131 S.Ct. 3055 (2011). "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Von Saher, 592 F.3d at 969 (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir;. 1995)).

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009)(citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of

limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations found in state law. Jones, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction benefit from a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1. Plaintiff therefore had four years, until February 7, 2014, in which to bring his excessive force claim. This action was initiated by civil complaint filed on May 21, 2015. (ECF No. 1.) Any causes of action that occurred prior to February 7, 2014, should therefore be time-barred. In his amended complaint, Plaintiff must specifically allege the dates that the conduct occurred as to each of his causes of action.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's June 24, 2015, first amended complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987),

and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's first amended complaint, filed June 24, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint or a notice of voluntary dismissal; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   **June 9, 2016**                    /s/ Barbara A. McAuliffe
                                             UNITED STATES MAGISTRATE JUDGE