# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MADRID,<br><br>       Plaintiff,<br><br>   v.<br><br>P. PEASE, et al.,<br><br>       Defendants. | Case No. 1:15-cv-00770-LJO-BAM-PC<br><br>ORDER FINDING SERVICE OF SECOND AMENDED COMPLAINT APPROPRIATE AGAINST DEFENDANTS PEASE, MENDEZ, BURNES, THATCHER, AGUERRALDE, SAUCEDO, AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ANY REMAINING DEFENDANT AND CLAIMS<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Currently before the Court is Plaintiff's second amended complaint, filed July 21, 2016 (ECF No. 17.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**COMPLAINT ALLEGATIONS**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Salinas Valley State Prison, brings this action against Defendant correctional officials employed by the CDCR at Pleasant Valley State Prison (PVSP), where the events at issue occurred. Plaintiff names the following individual defendants: Correctional Sergeant Pease; Sgt. Mendez; Correctional Officer (C/O) Burnes; C/O Thatcher; C/O Aguerralde; C/O Sauceda. Plaintiff's claims stem from a use of force incident at PVSP.

2

Plaintiff alleges that on February 7, 2010, the Super bowl football game was on. Plaintiff and his cellmate were in their cell watching the game, with the volume turned down, and listening to music. Defendant Burns came out of the Housing Unit 2 floor staff office and instruct Control Pod Officer Black to turn on the "C-section" flat screen dayroom television and then sat on the bench to watch the football game. One of the prisoners asked Defendant Burnes who Burnes was rooting for in the football game and Burns said the New Orleans "Saints." Thereafter, whenever the Indianapolis Colts scored, the prisoners kicked their cell doors and yell at Defendant about Defendant Burnes' super bowl choice. Defendant Burnes then went to Plaintiff's cell, which is an ADA cell. He kicked Plaintiff's cell door and yelled for Plaintiff and his cell-mate to turn down the music. The super bowl was still on and the cell block was very animated and loud. Plaintiff and cell-mate did not turn down the music and Defendant Burnes returned to Plaintiff's cell and kicked the door more violently. Defendant Burnes then called Defendant Thatcher to come assist Burnes do a retaliatory cell search. Defendant Burns violated CDCR policy by calling Defendant Thatcher to help with the search rather than notifying the program office. Defendant Burnes instructed the Control Pod Officer Black to open Plaintiff's cell, number 142. As it slid opened, Defendant Burnes pushed the cell door further open to force it into the locking open position. Defendant Burnes then locked eye contact with Plaintiff and took an aggressive stance before Burnes stepped into Plaintiff's assigned cell. Plaintiff alleges that officers are not allowed to enter a prison cell while that cell is occupied by prisoners. Based on Burnes demeanor and threatening act of blocking Plaintiff's assigned cell and stepping into Plaintiff's cell, Plaintiff attempted to exit the cell by pushing Defendant Burnes out of the cell. (Doc. 17, p. 11.) Defendant Burnes then grabbed Plaintiff and lifted him into the air and body slammed Plaintiff into the cement ground knocking the wind out of Plaintiff and making Plaintiff dizzy. Burnes then straddled Plaintiff and started punching plaintiff in the face with closed fists and Defendant Thatcher was kicking Plaintiff. Plaintiff did not resist except to try to protect himself from the punching.

Two to three minutes after being body slammed, prison guard Mitzie McCollum, Defendant Aguerralde and Defendant Saucedo entered the cell and worked together to remove

Plaintiff's cell mate, who is wheel chair bound, from holding on to Defendant Burnes' legs. Defendants Pease and Defendant Mendez arrived inside Facility C and then assisted Defendant Burnes off of Plaintiff. Plaintiff then quotes from reports to allege his facts: Aguerralde crossed Plaintiff's legs and sat on them to keep them immobile; Defendant Pease assisted Defendant Burnes off of Plaintiff which resulted in Plaintiff's attempt to strike Defendant Mendez; and Plaintiff's momentum turned Plaintiff onto his stomach and Defendant Pease put Plaintiff in handcuffs.

Once in handcuffs, Defendant Pease braced himself by placing a knee on top of Plaintiff spine and back and pulled Plaintiff's arms straight up by pulling on the handcuffs. Plaintiff was not resisting. While in this position, restrained and hands raised behind him, Defendant Burnes, Thatcher, Mendez, Aguerralde, and Saucedo started kicking Plaintiff in the head, rib cage, groin and testicles, stomach, legs and feet. Plaintiff was not resisting. Plaintiff alleges that Defendants continued to kick him and beat him for approximately a minute or two minutes after he lost consciousness. Plaintiff was transported via an emergency life-flight to Fresno, where he remained in a comatose state. Plaintiff suffered a frontal sinus fracture, left pulmonary embolus, left flail chest, and small left pneumothorax. He also suffered concussion, broken ribs, fractured jaw, "bone/tissue damage" to his right femur, continuous back and shoulder pain headaches and gastrointestinal pain.

Plaintiff was transported to Coalinga Regional Medical Center on March 2, 2010. Plaintiff alleges that upon his release and transfer back to PVSP, charges of attempted murder on a correctional officer were referred to the Fresno County District Attorney and the charges were dismissed. Defendant alleges that the defendants conspired to cover up the beating by fabricating a charge against Plaintiff.

Plaintiff seeks a declaration of his right, an injunction prohibit retaliation against Plaintiff and removing the label of "staff assaultive prisoner" from his file; compensatory damages and punitive damages of $250,000 against defendants.

///

///

4

**III.**

**DISCUSSION**

**A. Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1 (1992)(citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)(per curiam)(citing Hudson, 503 U.S. at 7)(internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8. Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Wilkins, 559 U.S. at 37-8.

Liberally construed, the first amended complaint states a colorable claim for relief against Defendants Pease, Burnes, Thatcher, Aguerralde, Sauceda, and Mendez for excessive force. Plaintiff has alleged facts indicating that these Defendants subjected Plaintiff to the use of physical force when Plaintiff was not resisting. Although Plaintiff alleges that he pushed Defendant Burnes when he tried to enter Plaintiff's cell, Plaintiff has alleged that Defendant Burnes straddled Plaintiff and punched him in the face after he had slammed him to the ground. Plaintiff therefore states a claim for relief against Defendant Burnes for excessive force after Plaintiff was on the ground. And, while restrained and not resisting, Defendants Burnes, Thatcher, Mendez, Aguerralde, and Saucedo were kicking Plaintiff in the head, rib cage, groin and testicles, stomach, legs and feet.

**B. Failure to Protect**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041. 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide

prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994)(quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence, because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk or serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Plaintiff does not state a cognizable failure to protect claim against Aguerralde and Saucedo. Plaintiff alleges that these defendants were engaged in removing Plaintiff's cellmate. As Plaintiff has previously been advised that in order to hold Defendants liable, Plaintiff must allege some facts indicating that they were in a position to witness what happened, that they had the ability to prevent or stop the use of force, and that they failed to intervene to protect Plaintiff. Plaintiff has not done so here. Plaintiff alleges that "none of the named defendants nor other person guard/staff witnesses, who were present, did anything to stop the vicious attack on plaintiff." (Doc. 17, p.14.) Plaintiff has not alleged any facts to support that other guards, or staff, were in a position and had the ability to stop the attack. Plaintiff has been granted multiple opportunities to amend and has been unable to state a claim. This claim should therefore be dismissed for failure to state a claim without leave to amend.

**C.    Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. DiVitorrio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails

five basic elements: (1) An assertion that state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 1114-15 (9ith Cir. 2012); Silva, 658 F.3d at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff's vague and conclusory allegation that he was retaliated against by prison staff fails to state a claim for relief under section 1983. As noted above, to state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each Defendant's actions or omissions and a violation of his federal right. Lemire, 726 F.3d at 1062. Plaintiff has been granted multiple opportunities to amend and has been unable to state a claim. This claim should therefore be dismissed for failure to state a claim without leave to amend.

**D.   Conspiracy**

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 569 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin, 312 F.3d at 441 (quoting United Steel Workersof Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)).

Here, Plaintiff fails to allege any plausible factual support for his claim of conspiracy. A simple allegation that Defendants conspired to deprive Plaintiff of a protected interest fails to state a claim for relief. The Court therefore finds that Plaintiff has failed to state a claim for conspiracy. See Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982)(vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand dismissal). Plaintiff has been granted multiple opportunities to amend and has been unable to state a claim. This claim should therefore be dismissed for failure to state a claim without leave to amend.

### E. Declaratory Relief

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any Defendant violated Plaintiff's rights is unnecessary in this action.

## IV.

## CONCLUSION, ORDER AND RECOMMENDATION

Based on the foregoing, the Court HEREBY ORDERS that:

1. This action shall proceed on Plaintiff's second amended complaint, filed on July 21, 2016 (ECF No. 17), against Defendants Pease, Mendez, Burnes, Thatcher, Aguerralde, and Sauceda for excessive force in violation of the Eighth Amendment;

2. Service shall be initiated on the following defendants:

   **P.D. Pease, Sergeant, PVSP**

   **J.A. Mendez, Sergeant, PVSP**

   **Joseph Burnes, Sergeant, PVSP**

   **Thomas Thatcher, Correctional Officer, PVSP**

   **J.E. Aguerralde, PVSP**

   **R.E. Sauceda, PVSP**

3. The Clerk of the Court shall send Plaintiff six (6) USM-285 form, six (6) summonses, a Notice of Submission of Documents form, an instruction sheet and a copy of the second amended complaint (Doc. 17);

4. Within **thirty (30) days** of the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court

with the following documents:

    a. One (1) completed summons for each defendant listed above;

    b. One (1) completed USM-285 form for each defendant listed above; and

    c. Seven (7) copies of the endorsed second amended complaint.

5. Plaintiff need not attempt service on the defendants and need not request a waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve Defendants under Federal Rule of Civil Procedure 4 without payment of costs.

6. **<u>Plaintiff is warned that the failure to comply with this order will result in a recommendation to dismiss this action</u>.**

\*\*\*\*\*\*

Also, the Court HEREBY RECOMMENDS that Plaintiff's claims of Failure to Protect, Retaliation, and Conspiracy against all Defendants be dismissed for failure to state a claim upon which relief may be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1)(B). Within **thirty (30) days** after being served with these Finding and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **June 13, 2017**           /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE