# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MADRID,<br><br>    Plaintiff,<br><br>v.<br><br>P. PEASE, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-00770-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO STAY CASE PENDING PAYMENT OF COSTS OF PRIOR ACTION<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I. Introduction

Plaintiff John Madrid is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendants Pease, Mendez, Burnes, Thatcher, Aguerralde, and Sauceda for excessive force in violation of the Eighth Amendment. (ECF No. 17.) Plaintiff's claim stems from a use of force incident at Pleasant Valley State Prison ("PVSP") on February 7, 2010. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Defendants' motion to stay this case pending the payment of costs of a prior action, filed on September 1, 2017 (ECF No. 23), along with a request for judicial notice in support of the motion (ECF No. 24.) Plaintiff filed an opposition to Defendants' motion on October 10, 2017 (ECF No. 27), and Defendant filed a reply on October 17, 2017 (ECF No 28.) The motion is deemed submitted without oral argument. Local Rule 230(l).

1

## II. Motion to Stay Pending Payment of Costs

Defendants assert that on March 7, 2011, Plaintiff brought a lawsuit in state court regarding claims arising out of the same incident as this current federal lawsuit, and that the state court lawsuit was subsequently dismissed as premature under California law. According to Defendants, they incurred unnecessary fees and costs in defending that premature suit.

Further, Defendants assert that Defendants Burnes and Thatcher are also owed judgments from their small claims lawsuits against Plaintiff arising out of the same incident as this federal lawsuit. Although Defendants do not seek enforcement of those judgments here, they assert that the Court should consider those unpaid judgments in determining this motion.

This incident was also previously litigated by Plaintiff in federal court, although it was voluntarily dismissed prior to service of any defendant. Nevertheless, Defendants assert that they were prejudiced by the passage in time of several years while the prior federal lawsuit was pending and while Plaintiff delayed in bringing the current lawsuit. In sum, Defendants argue that under the totality of the circumstances, Plaintiff should be ordered to pay the $546 in costs that they incurred in defending the initial state court lawsuit before he be allowed to proceed in this current federal lawsuit.

Plaintiff opposes the motion, arguing that the law cited by Defendants does not support their motion under the circumstances of this case. Plaintiff also argues that he was not assessed any costs in his state court lawsuit upon the dismissal of that action, which was without prejudice, and that he was never previously sanctioned or otherwise ordered to pay any costs before refiling suit.

Defendants argue in reply that a defendant is not required to have sought an assessment of costs against Plaintiff in a prior lawsuit before moving for another court to require Plaintiff to pay those costs before proceeding in a later suit. They further argue that such a requirement would be unfair and would incentivize defendants to always seek costs, creating an undue hardship on plaintiffs as well. Defendants assert that the Court's broad powers allow it to require costs here to protect litigants from the harassment of repeated lawsuits, and that the payment of their costs from the initial state court action should be required as a prerequisite here.

**A.  Legal Standards**

Federal Rule of Civil Procedure 41(d) provides as follows:

(d) Costs of a Previously Dismissed Action. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
  (1) may order the plaintiff to pay all or part of the costs of that previous action; and
  (2) may stay the proceedings until the plaintiff has complied.

Rule 41(d) gives federal courts broad discretion to order the payment of costs and to stay cases, though neither is mandatory. Esquivel v. Arau, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996).

On its face, Rule 41(d) applies to cases in which a "plaintiff . . previously dismissed an action in any court" and files a subsequent action; that is, when the prior litigation was voluntarily dismissed by the plaintiff. Nevertheless, the Ninth Circuit has held that a court's power is not limited to situations involving voluntary dismissals. Rather, courts also have an inherent power to dismiss an action based on or including the same claim as a prior involuntarily dismissed action for nonpayment of costs in the prior action. Hacopian v. U.S. Dept. of Labor, 709 F.2d 1295, 1296-97 (9th Cir. 1983).

"This practice was designed to prevent oppressive and vexatious litigation and also to enable a party who has recovered costs to obtain payment before being subjected to further litigation relating to the same subject-matter." Id. at 1297 (quoting Weidenfeld v. Pacific Improvement Co., 101 F.2d 699, 700 (2d Cir. 1939)). "This purpose is served by a plaintiff paying the defendant's costs for the first lawsuit where a plaintiff needlessly duplicates litigation by receiving an involuntary dismissal of the first action and filing a second action for the same claim against the same defendant." Holt v. Kormann, No. SACV 11-01047 DOC, 2012 WL 5829864, at *3 (C.D. Cal. Nov. 15, 2012).

///
///
///
///

B.   **Prior Lawsuits**[1]

    1.   **California Superior Court Action**

On March 7, 2011, Plaintiff filed a complaint in the California Superior Court, County of Fresno initiating the civil action of John Anthony Madrid v. James Yates, et al., Case No. 11-CE-CG-02306. (Mar. 7, 2011 Compl., ECF No. 24-1, at pp. 20-24.) Plaintiff named as defendants P. D. Pease, J. A. Mendez, Joseph B. Burnes, Thomas J. Thatcher, J. E. Aguerralde, and R. E. Sauceda, among other defendants. (Id.) Plaintiff asserted in that lawsuit that on February 7, 2010, he was assaulted by five or more prison guards and their supervisors at PVSP. (Id.)

On January 23, 2012, the defendants in that action filed a demurrer to the initial complaint on the grounds that it failed to state a claim for intentional tort or general negligence. (Notice and Demurrer to Pl.'s Compl., ECF No. 24-1, at pp. 27-35.) The demurrer was sustained, and leave to amend was granted. (Mar. 21, 2012 Tentative Ruling, ECF No. 24-1, at pp. 36-39.)

After Plaintiff filed an amended complaint, the defendants filed a second demurrer, this time arguing that Plaintiff's lawsuit was barred by California Government Code section 945.3. (Notice and Demurrer to First Am. Compl., ECF No. 24-1, at pp. 40-62.) That section prevents a person charged with a criminal offense from bring a civil action for money or damages against a peace officer based on conduct of the officer relating to the offense for which the accused is changed. See Cal. Gov. Code § 945.3; see also Harding v. Galceran, 889 F.2d 906, 908–09 (9th Cir. 1989) (citing Cal. Gov. Code § 945.3). That section also tolls any applicable statute of limitations for filing and prosecuting the civil action during the period that the criminal charges are pending before a superior court. See id. The defendants in the state court action presented evidence that the Fresno County District Attorney had brought felony charges against Plaintiff arising from the February 7, 2010 incident at PVSP. (See First Am. Felony Compl., ECF No. 24-1, at pp. 58-60.)

---

[1] Defendants request for the Court to take judicial notice of prior proceedings in state and federal court pursuant to Federal Rule of Evidence 201(b). Plaintiff does not oppose the request. A court may take judicial notice of court filings and other matters of public record. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006). Therefore, the factual summary of the previous litigation here is derived from the undisputed court records provided by Defendants, of which it is appropriate to take judicial notice.

The state court issued a tentative ruling to overrule the demurrer because the defendants did not present evidence to show that the felony complaint was filed and served before Plaintiff's civil action was filed, and that the criminal case had not yet proceeded to final judgment. (Oct. 17, 2012 Tentative Ruling, ECF No. 24-1 at pp. 63-65.) After oral argument, the state court found that the defendants established that Plaintiff had notice of the criminal charges before he filed his action, and that the demurer should be sustained, without prejudice to Plaintiff to file a new complaint when no longer prohibited by § 945.3. (Ruling After Hearing, ECF No. 24-1, at pp. 70-72.)

On November 7, 2012, the state court issued its order sustaining the demurrer, and on November 15, 2012, that court issued its judgment dismissing the case without prejudice. (Judgment, ECF No. 24-1, at pp. 73-80.) Defense counsel declares that the defendants incurred $13,010 in attorneys' fees and paralegal's fees, and $546 in costs, in defending Madrid v. Yates, et al. (Decl. of Andrew Whisnand, ECF No. 23-2, at ¶¶ 3-6.)

### 2. Defendants Thatcher's and Burnes' Small Claims Actions

On July 14, 2010, Officers Thomas Thatcher and Joseph Burnes, each of whom are defendants in this current federal action, filed lawsuits against Plaintiff in Fresno County Superior Court (Small Claims). These filings generating Case No. 10-CO-SC-00022, Burnes v. Madrid, and Case No. 10-CO-SC-00023, Thatcher v. Madrid, which were both later consolidated into a single action. (Pl.'s Claim, ECF No. 25-1, at pp. 16-20; see Case No. 10-CO-SC-00022 Docket Event of June 17, 2011, ECF No. 25-1, at p. 11.)[2] Officer Burnes alleged that Plaintiff "willfully and intentionally committed battery causing physical and emotional injury" to him on February 7, 2010. (Pl.'s Claim ¶ 3.)

On April 18, 2011, the small claims court entered judgment in favor of Officer Burnes in the amount of $2,575. (Apr. 18, 2011 Minute Order, ECF No. 25-1, at pp. 32-34.) On April 28, 2011, Plaintiff filed a motion to vacate the judgment, arguing that he was not properly served and

---

[2] Defendants Burnes and Thatcher initially wrongfully named Plaintiff as "Juan Madrid" instead of "John Madrid." Amended complaints to correct this clerical error were addressed and resolved by the small claims court. (See Case No. 10-CO-SC-00022 Docket Event of Mar. 7, 2011, ECF No. 25-1, at p. 8; id. at Docket Event of Apr. 18, 2011, ECF No. 25-1, at p. 9.)

5

1 | had no notice of the actions against him. (Def.'s Appl. to Recons., ECF No. 25-1, at pp. 35-36).
2 | That motion was denied on May 17, 2011. (Ruling on Def.'s Req. to Recons., ECF No. 25-1, at
3 | p. 38).

4 On May 16, 2011, Plaintiff appealed the small claims judgment against him. (Notice of Appeal, ECF No. 25-1, at p. 37.) On July 22, 2011, the appellate division of the small claims court affirmed judgments in favor of Officer Burnes in the amount of $2,575, and for Officer Thatcher in the amount of $1,050. (Small Claims Appeal Minute Order, ECF No. 25-1, at p. 42; see Case No. 10-CO-SC-00022 Docket Event of July 22, 2011, ECF No. 25-1, at p. 13.) Plaintiff also appears to have filed a "Petition for Writ of Habeas Corpus" to the California Court of Appeal to challenge the judgments, but on February 29, 2012, that petition was denied. (Order, ECF No. 25-1, at p. 48.)

Defense counsel declares that Officers Burnes and Thatcher have not yet received payment from Plaintiff for the judgments they obtained against him in small claims court. (Decl. of Andrew Whisnand ¶7.)

### 3. Previous Federal Action

On July 12, 2011, about three months after initiating his state court lawsuit and while that lawsuit was still pending, Plaintiff filed a federal civil rights complaint regarding the February 7, 2010 incident, generating Case No. 1:11-cv-1144-AWI-DLB, Madrid v. Pease, et al. (July 12, 2011 Compl., ECF No. 24-4, at pp. 48-55.) Plaintiff named J. Pease, J. Mendez, Joseph Burnes, Thomas J. Thatcher, J. Aguerralde, and R. Sauceda as defendants, among others. (Id.) In that case, Plaintiff alleged that on February 7, 2010, these defendants assaulted and injured him at PVSP. (Id.)

On January 20, 2012, Plaintiff filed a motion to voluntarily dismiss the case under Federal Rule of Civil Procedure 41(a). (Mot. for Voluntary Dismissal, ECF No. 24-2, at p. 56.) On January 24, 2012, the District Judge construed Plaintiff's motion as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), and since no defendant had been served, directed the Clerk of the Court to close the case pursuant to the voluntary dismissal, without prejudice. (Jan. 24, 2012 Order, ECF No. 24-2, at p. 57.)

### C. Current Federal Action

Plaintiff initiated this action by filing the original complaint on May 21, 2015. (Compl., ECF No. 1.) As noted above, this action currently proceeds on Plaintiff's second amended complaint against Defendants Pease, Mendez, Burnes, Thatcher, Aguerralde, and Sauceda, for excessive force in violation of the Eighth Amendment. (Second Am. Compl., ECF No. 17.) Plaintiff alleges in his second amended complaint that on February 7, 2010, at PVSP, he was assaulted and injured by Defendants.

Plaintiff discusses some of the prior litigation in his second amended complaint. Plaintiff alleges that he was charged with attempted murder of a peace officer on June 24, 2011, and was barred pursuant to California Government Code § 945.3 from filing a civil claim against Defendants based upon the same facts and circumstances regarding his criminal charge. (Second Am. Compl. at p. 25 ¶ 4.) Plaintiff also alleges that he filed an initial federal civil rights action in 2011, but later voluntarily dismissed the action without prejudice in 2012. (Id. at p. 26 ¶ 7.) Plaintiff further alleges that after the criminal charges were concluded in 2015, he filed the instant action. (Id.) Plaintiff also attaches as an exhibit to his second amended complaint a January 16, 2015 memorandum by an official at PVSP discussing that charges against Plaintiff for the February 7, 2010 incident were dismissed by the Fresno Superior Court on January 15, 2015. (Id. at p. 31.)

### D. Analysis

The parties do not dispute that the prior state court action, small claims action, and prior federal lawsuit are all based on the same facts and circumstances and involve the same parties as the current federal lawsuit. In Plaintiff's prior state court action, prior federal lawsuit, and the current lawsuit, Plaintiff alleged that he was assaulted by Defendants on February 7, 2010. The issue disputed by the parties is whether the Court should exercise its discretion under the circumstances and require the Plaintiff to pay the $546 in costs incurred by Defendants to litigate the initial state court action before he may proceed in this current federal lawsuit.

Defendants rely upon Hacopian in arguing that the Court should require the payment of costs for the prior action in this case. In Hacopian, the plaintiff appealed the district court's

7

1  dismissal of his Freedom of Information Act lawsuit. The district court found that the plaintiff
2  had been assessed costs in previous similar actions against the same defendants, but did not pay
3  the costs assessed against him prior to filing the dismissed action. 709 F.2d at 1297. The plaintiff
4  argued that the district court lacked the authority to dismiss the subsequent case, arguing that
5  Rule 41(d) was limited to dismissals for the nonpayment of costs in a prior action only where
6  that action was voluntarily dismissed. Id. at 1296. As noted above, the Ninth Circuit held that a
7  court's power is not limited to voluntary dismissals, as "[t]he dangers of harassment and
8  vexations litigation are not necessarily less significant in cases of involuntary dismissal than in
9  cases covered by Rule 41(d)." Id. at 1297. Therefore, sanctioning a plaintiff by dismissing a
10 lawsuit for nonpayment of costs in a prior involuntarily dismissed action can prevent a plaintiff
11 from using multiple lawsuits to harass a defendant regarding the same claim. See id.

12     Courts applying Hacopian have focused on determining whether the litigation at issue is
13 harassing or vexatious in nature. For example, in Holt v. Kormann, No. SACV-11-01047-DOC
14 (MLGx), 2012 WL 5829864 (C.D. Cal. Nov. 15, 2012), the plaintiff filed a complaint in state
15 court alleging fraudulent misrepresentations concerning the attempted purchase of a rock
16 crusher. Id. at *1. The parties litigated the issue of service, and the action was eventually
17 dismissed without prejudice for the plaintiff's failure to respond to an order to show cause. Id. at
18 *1-2. While the action was still pending, the plaintiff filed a second lawsuit in state court, which
19 was removed to federal court and litigated on the merits for several months. Id. at *2. In that
20 second suit, defendants sought an order requiring the payment of costs from the first action.

21     In ruling that costs should be awarded to the defendants, the Holt court found that the
22 plaintiff unnecessarily engaged in duplicative litigation. Id. at *5. Rather than properly serving
23 the defendants in the first suit, the plaintiff filed a separate suit, forcing the defendants to
24 simultaneously litigate the issue of service in the initial state court action and the merits of the
25 claim in the subsequent action. Id. Under the circumstances, the court found an award of costs
26 necessary to prevent prejudice to the defendants. Id.

27     In contrast, the court in Penguin Group (USA) Inc. v. Am. Buddha, No. 03:13-cv-00497-
28 HU, 2013 WL 12172562 (D. Ore. July 16, 2013), declined to require the payment of costs for a

prior action. In that copyright dispute, the plaintiff filed suit in the United States District Court for the Southern District of New York. Id. at *1. The New York action was intensely litigated on the grounds of jurisdiction, including the Second Circuit Court of Appeal's certification of a question to the New York Court of Appeals, and ultimately the Southern District of New York ruled in the defendant's favor and dismissed the New York action for lack of personal jurisdiction. Id. The plaintiff then filed suit in the United States District Court for the District of Oregon. Id. The defendant filed a motion in the New York action seeking costs, and while that motion was pending, the plaintiff filed the Oregon action. Id. The defendant then promptly filed a motion in the Oregon action to require the payment of costs of the dismissed New York action and a stay of the Oregon action pending payment of those costs. Id.

In denying the defendant's motion, the District of Oregon relied upon several findings of the Southern District of New York regarding the nature of the litigation between the parties. The Southern District of New York found that the plaintiff had reasonably initiated the action in the Southern District of New York because it held its copyrights there, and that the plaintiff's effort to litigate the jurisdictional issues raised by the defendant's motion to dismiss was neither frivolous nor unreasonable. Id. at *3. Further, the Southern District of New York found that the plaintiff's re-filing of the claim in the District of Oregon demonstrated an interest in reaching the merits of the claim, and that there was no showing that the plaintiff had been dilatory, vexatious, harassing, or used improper tactics in pursuing the claim. Id. The District of Oregon agreed with these findings, and determined that the facts and circumstances did not show the litigation had been conducted for the sake of harassment. Therefore, it declined to require the payment of costs for the plaintiff to proceed with the Oregon action. Id.

In the case before this Court, Plaintiff initiated a civil action in state court against prison officials based on the alleged assault of him on February 7, 2010, while criminal charges were pending against him for the same incident. However, Plaintiff was not in control of whether criminal charges were brought against him; instead, the Fresno County District Attorney brought the criminal charges. The small claims court civil actions were also initiated by Defendants Burnes and Thatcher, not Plaintiff.

1. Also, although Plaintiff had filed a duplicative suit in federal court shortly after initiating his state court action, Plaintiff voluntarily dismissed that action before any defendant was served, and around the time that Defendants filed their demurrer in the state court action. Thus, Defendants were not forced to simultaneously litigate duplicative actions in two separate courts through any of Plaintiff's actions. Finally, after the state court sustained Defendants' demurrer and dismissed Plaintiff's state court action without prejudice on the grounds that he could not proceed while the criminal charges against him were pending, he ceased litigating his civil claims until the criminal charges were resolved in early 2015. Plaintiff then filed the original complaint in this action a few months later, on May 21, 2015. Under these circumstances, the Court does not find any dilatory, vexatious, or harassing conduct here that would warrant requiring Plaintiff to pay the costs of the state court action before being allowed to proceed in this action.

Defendants argue that there are multiple reasons why Plaintiff should be required to pay the costs that they incurred in the prior state court action, but the Court does not find those factors persuasive under the circumstances. Defendants argue that Plaintiff's state court action was clearly barred by § 945.3, and therefore his premature suit caused them to incur unnecessary expenses. Defendants cite the principles that "ignorance of the law is no excuse" and that "a pro se plaintiff is presumed to know the applicable law." (Defs.' Mem. P. & A. Supp. Mot. Stay Case Pending Costs, ECF No. 23-1, at p. 6) (citing O'Neal v. Cty. of San Francisco, No. C 08-4669 SBA PR, 2012 WL 1166164, at *4 (N.D. Cal. Mar. 30, 2012), aff'd, 570 F. App'x 727 (9th Cir. 2014)). Defendants also cite that their second demurrer in the state court action was ultimately successful. However, it appears the issue of whether and when Plaintiff was put on notice of the criminal charges against him, and to what extent his civil claims were barred, were reasonably litigated by the parties in the state court action. The state court issued multiple orders in the matter, including a tentative ruling to deny the demurrer and possibly allow the matter to proceed, and held hearings on the dispute. In light of the litigation on the issue and Plaintiff's pro se status, the Court does not find frivolous, vexatious or harassing intent by Plaintiff in bringing the state court action while his criminal charges were pending.

Defendants also argue that Plaintiff would not have been barred from bringing a §1983 claim in federal court due to his pending criminal charges, and thus the fact that he initially filed suit in state court initially rather than federal court is a sign of improper forum shopping with an intent to cause Defendants to incur costs. On the contrary, as discussed above Plaintiff disputed whether § 945.3 barred his suit in state court while there were pending criminal charges, and he attempted to have that court resolve the merits of his claim. Plaintiff only ceased litigating the issue when the state court sustained the demurrer and his case was dismissed without prejudice. Defendants have not shown that Plaintiff was aware that he would not have been barred by § 945.3 from bringing a § 1983 suit in federal court at that time. Plaintiff's allegations in his second amended complaint that his criminal charges were resolved in early 2015 and that he filed his lawsuit shortly thereafter suggests he in fact believed he was barred by § 945.3 from bringing any suit regarding the February 7, 2010 incident while his criminal charges were pending, whether in federal state court. The Court does not find any intent to harass by Plaintiff's conduct.

Defendants also argue that they are prejudiced by the passage of time in this case due to Plaintiff's unnecessary voluntary dismissal of his initial federal court action. However, as Defendants acknowledge, although § 945.3's claim-bar provision does not apply to § 1983 suits in federal courts, its built-in tolling provision of the statute of limitations does apply in federal courts. See Harding v. Galceran, 889 F.2d 906, 909 (9th Cir. 1989). And, as noted above, Plaintiff's second amended complaint allegations and actions suggest that he did not wait until May 2015 to resume litigating this matter for dilatory purposes, but rather because he believed he was barred from doing so by § 945.3.

Finally, Defendants cite that Plaintiff owes judgments to Defendants Burnes and Thatcher for the small claims suits related to the incident at issue in this lawsuit. Those Defendants make clear that they do not and cannot seek payment of their judgments in this action. The Court does not find such unpaid judgements, standing alone, are sufficient to require Plaintiff to pay costs from the state court action and to stay this action pending payment of such costs.

///

11

### III. Conclusion and Recommendation

For the reasons explained above, it is HEREBY RECOMMENDED that Defendants' motion to stay the case pending payment of costs of a prior action, filed on September 1, 2017 (ECF No. 23), be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 7, 2017**          /s/ *Barbara A. McAuliffe*
                                                         UNITED STATES MAGISTRATE JUDGE