# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MADRID,<br><br>    Plaintiff,<br><br>v.<br><br>P. PEASE, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-00770-LJO-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING MOTION TO STAY CASE PENDING PAYMENT OF COSTS OF A PRIOR ACTION<br><br>(ECF Nos. 23, 24, 29) |

Plaintiff John Madrid is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendants Pease, Mendez, Burnes, Thatcher, Aguerralde, and Sauceda for excessive force in violation of the Eighth Amendment. (ECF No. 17.)

**I.    Background**

On September 1, 2018, Defendants filed a motion to stay this case pending the payment of costs of a prior action, (ECF No. 23), and a request for judicial notice, (ECF No. 24.)[1] On November 7, 2017, the assigned magistrate judge issued findings and recommendations recommending that Defendants' motion be denied. (ECF No. 29.) The parties were advised that they could file objections within fourteen (14) days. (*Id.* at 12.)

---

[1] Defendants filed amended exhibits to their request for judicial notice on September 5, 2018. (ECF No. 25.)

1

On November 21, 2017, Defendants filed objections to the findings and recommendations. On November 22, 2017, Defendants served the objections on Plaintiff, (ECF No. 32), and also moved for an extension of time to serve the objections *nunc pro tunc* due to an administrative error, (ECF No. 32). The Court granted the extension of time. (ECF No. 33.)

On December 6, 2017, Plaintiff requested a thirty-day extension of time to respond to Defendants' objections to the findings and recommendations. (ECF No. 34.) On December 7, 2017, the Court granted the requested extension. (ECF No. 35.)

On January 8, 2018, Plaintiff filed his response to Defendants' objections to the findings and recommendations. (ECF No. 36.)

## II. Objections and Response to Objections

Plaintiff alleges in this case that on February 7, 2010, Defendants used excessive force on him while he was housed at Pleasant Valley State Prison. Defendants assert in their motion to stay that Plaintiff should be required to pay $546 in costs incurred by Defendants to litigate a prior state court action before he may proceed in this suit.

As noted above, the assigned magistrate judge recommended denial of Defendants' motion. (ECF No. 29.) The magistrate judge found that it was undisputed that the state court action and the current federal lawsuit are based on the same facts and circumstances, and involve the same parties. (*Id*. at 7.) Plaintiff's prior state court action was dismissed without prejudice due to California Government Code § 945.3, because criminal charges were then-pending based on the same incidents as Plaintiff's lawsuit. (*Id*. at 4-5.) A few months after those charges were dismissed, Plaintiff initiated the current lawsuit. (*Id*. at 7.)

The magistrate judge recommended denial of Defendants' motion to stay and recommending declining to award costs here. Factors the magistrate judge considered included that: (1) Plaintiff did not cause Defendants to simultaneously litigate duplicative actions in two separate courts; (2) Plaintiff did not re-file his action until after his criminal charges were resolved; (3) the state court deliberated on whether to allow Plaintiff's state court suit to proceed, showing the issue was reasonably litigated by Plaintiff; and (4) Plaintiff was not engaging in forum shopping.

1 Defendants object that the magistrate judge misapplied the relevant case law, erred in
2 finding that Plaintiff's conduct here was not harassing or vexatious in nature, and thus erred in
3 not recommending that Plaintiff be required to pay the court costs here. Defendants assert that
4 although requiring the payment of costs is an important method of deterring harassing and
5 vexatious litigation, it is not required to award costs, and that an award of costs is appropriate in
6 under the facts and circumstances of this case. (ECF No. 31, at 3) (citing *Hacopian v. U.S. Dep't*
7 *of Labor*, 709 F.2d 1295 (9th Cir. 1983)). Defendants cite that the state court ultimately
8 concluded that Plaintiff's state court suit violated California law, that his *pro se* status and
9 ignorance of the law does not excuse his mistake in filing his initial suit while criminal charges
10 were pending, and that they incurred costs related to his state court claims which will not benefit
11 them in the instant suit.

12 Plaintiff responds that Defendants are misstating the purpose of Rule 41 in seeking the
13 payment of the costs from the prior state court action. Plaintiff further asserts that Defendants
14 should have sought these costs in the state court action or as a sanction, and that he has not acted
15 in bad faith here.[2]

### III. Discussion

17 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a
18 *de novo* review of this case, including Defendants' objections to the findings and
19 recommendations and Plaintiff's response to those objections. Having carefully reviewed the
20 entire file, the Court finds the findings and recommendations to be supported by the record and
21 by proper analysis.

22 Federal Rule of Civil Procedure 41(d) confers broad discretion upon the federal courts to
23 order stays and payment of costs, although neither is mandatory. *Esquivel v. Arau*, 913 F. Supp.
24 1382, 1386 (C.D. Cal. 1996). The rule does not require a showing of subjective bad faith, *id*. at
25 1388, as the rule effectively presumes dismissing an action and then bringing the same action

---

[2] Plaintiff also asserts that Defendants' objections should be considered waived for untimeliness due to their one-day delay in serving them. As noted above, the Court granted Defendants an extension of time *nunc pro tunc* upon finding that Defendants showed good cause for the delay and that there was no prejudice to Plaintiff. Thus, Defendants' objections will be considered here.

again is abusive *per se*, *id*. at 1391. Thus, the decision whether to impose costs and a stay is left to "the judge's discretion in light of the surrounding circumstances." *Id*. at 1391 n.14.

A court may decline to award costs where the plaintiff has a persuasive explanation for his litigation conduct, where a plaintiff is financially unable to pay the costs, or where justice so requires. *Id*. (citing *Zucker v. Katz*, 708 F. Supp. 525, 539 (S.D.N.Y. 1989), *Wahl v. Wichita*, 701 F. Supp. 1530 (D. Kan. 1988), *Bellamy v. Jones*, 600 F. Supp. 150 (E.D. Ark. 1985), *Gregory v. Dimock*, 286 F.2d 717 (2d Cir. 1961)). The purpose of an award of costs is to deter forum shopping and vexatious litigation, *id*. at 1386 (quoting *Simeone v. First Bank Nat'l Ass'n*, 971 F.2d 103, 108 (8th Cir. 1992)), including attempts to gain tactical advantages through a voluntary dismissal, *Johnson v. Gonzalez*, No. 1:14-cv-1252-LJO-EPG, 2017 WL 2119913, at *3 (E.D. Cal. May 16, 2017). In deciding whether to exercise its discretion to award costs, courts consider whether doing so is necessary to prevent prejudice to the defendant. *Esquivel*, 913 F. Supp. at 1387.

Considering the intent of the rule here, the applicable law, and the circumstances in this case, the Court finds it appropriate to deny Defendants' motion to stay this action and declines to award costs here for the prior state court action. Plaintiff's act of waiting to re-file this action until after his criminal charges were resolved show that he seeks a determination on the merits of his claim, rather than attempting exploit some kind of tactical advantage, or to seek a more favorable forum. Deterrence of abusive litigation tactics is not served by an award of costs here.

There is no prejudice to Defendants in this case, as they received the outcome they sought through their state court demurrer—they avoided litigating Plaintiff's civil claim while his criminal charges were pending. Defendants previously argued that had Plaintiff brought a §1983 suit rather than a state court case, the suit would not have been barred by California law and they would have been required to simultaneously defend against Plaintiff's civil claim Plaintiff's criminal charges were pending. Thus, they appear to have benefitted from Plaintiff's mistake and his apparent belief that he could not litigate these issues at all while the criminal charges were pending, which he refrained from doing. Also, the factors considered by the magistrate judge are persuasive.

Finally, although not conclusive, Plaintiff has declared that he has no source of income or employment, (ECF No. 2), and thus an award of costs here would likely result in the termination of this suit for Plaintiff's non-payment. Under these collective circumstances, the Court declines to award the costs Defendants seek in this case for the prior state court action.

## IV. Conclusion and Order

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations, filed on November 7, 2017 (ECF No. 29), are adopted in full;

2. Defendants' motion to stay this case pending payment of costs of a prior action, filed on September 1, 2017 (ECF No. 23), is denied; and

3. Defendants shall respond to the second amended complaint within fourteen days of the date of service of this order. Fed. R. Civ. P. 12(a)(4)(A).

IT IS SO ORDERED.

Dated: **January 23, 2018**       /s/ Lawrence J. O'Neill
                                  UNITED STATES CHIEF DISTRICT JUDGE